**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD WATKINS, Jr.**<br>    **Plaintiff,**<br><br>v.<br><br>**THE PHILADELPHIA LAND BANK**<br>    **Defendant.** | **CIVIL ACTION NO. 18-4242** |

## <u>ORDER</u>

**AND NOW,** this 29th day of March 2021, upon consideration of Defendant the Philadelphia Land Bank's Motion for Summary Judgment [Doc. No. 45] and responses and replies thereto, and for the reasons explained in the accompanying Memorandum Opinion, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

It is further **ORDERED** that on or before **April 12, 2021**, the parties, through counsel, shall jointly report to the Court in writing as to whether they wish to continue their settlement conference with Judge Wells, attempt mediation under Local Civil Rule 53.3, or pursue some other form of alternative dispute resolution. If so, they shall indicate by what date they will be prepared to commence such proceedings.

If the parties do not wish to engage in alternative dispute resolution, they shall provide the Court with a joint proposed schedule for trial. In the alternative, the parties may wish to consider whether to consent to proceed to trial before a United States Magistrate Judge, in which case counsel should complete and submit the attached form to the Clerk of Court.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____     )
                        *Plaintiff*       )
                                          )
            *v.*                          )     *Civil Action No.*
_____     )
                        *Defendant*       )


### CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE


    *The following parties consent (subject to approval by the assigned Article III judicial officer) to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.*

*Parties' Printed Names:*                *Signatures of Parties or Attorneys:*          *Dates:*

_____     _____     _____

_____     _____     _____

_____     _____     _____

_____     _____     _____


### Reference Order

    *IT IS ORDERED:  This case is referred to a United States magistrate judge* _____ *to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.*


                                _____
                                              *District Judge's signature*

*Date:* _____         _____
                                              *(Printed Name and Title)*


**Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.**
**Do not return this form to a judge.**

*(05/2013)*

**Attachment A**

**LOCAL RULE OF CIVIL PROCEDURE 53.3:**
**ALTERNATIVE DISPUTE RESOLUTION**

1. Litigants in all civil actions, exempting only social security appeals, pro se prisoner civil rights actions, and petitions for habeas corpus, shall be required to consider the use of an alternative dispute resolution process (the "ADR process") at an appropriate stage in the litigation.

2. ADR processes may include mediation and settlement conferences and such other ADR processes as the judge to whom the case is assigned (the "assigned judge") may designate.

3. All ADR processes subject to this Rule shall be confidential, and disclosure by any person of confidential dispute resolution communications is prohibited unless confidentiality has been waived by all participants in the ADR process, or disclosure is ordered by the assigned judge for good cause shown.

4. Nothing in the Rule shall be construed to limit the assigned judge from (a) conducting settlement conferences or referring a matter to a magistrate judge for a settlement conference, or (b) ordering the litigants to participate in an ADR process, or (c) approving or disapproving of an ADR process selected by the litigants.

5. The Alternative Dispute Resolution ("ADR") Committee of the court shall administer, oversee, and evaluate the court's ADR program in accordance with the Alternative Dispute Resolution Act of 1998. The Clerk of Court, or such other person as may be designated from time to time by the Chief Judge, shall serve as the ADR coordinator. Under the direction of the ADR committee, the coordinator shall administer a program for recruitment, screening and training of attorneys to serve as neutrals.

6. The Rule is intended to be flexible so as to permit the court to adopt, from time to time, guidelines and policies for the administration of the ADR program. The procedures promulgated by the court for the implementation of the ADR program shall be maintained on file in the office of the Clerk.

7. Nothing in the Rule shall be construed to amend or modify the provisions of Local Civil Rule 53.2 (compulsory and voluntary arbitration with right of trial *de novo*). Local Civil Rule 53.2.1 (compulsory mediation) is repealed by separate order.

Explanatory Note

    The Rule is intended to implement the provisions of the Alternative Dispute Resolution Act of 1998 and to demonstrate the long-standing commitment of the court and its bar to non-binding alternative dispute resolution, without, however, limiting the authority and discretion of the assigned judge.  Certain civil actions are exempted from the Rule as cases not appropriate for ADR process pursuant to the Alternative Dispute Resolution Act of 1998.

Effective July 1, 2003